UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Dov Eisenberger, individually and on behalf of all others similarly situated,<br><br>              Plaintiff,<br><br><br><br><br><br>    -v.-<br><br>Financial Recovery Services, Inc., Cavalry SPV I, LLC and John Does 1-25,<br><br>              Defendant(s). | Civil Action No: _____<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Dov Eisenberger (hereinafter, "Plaintiff"), a New York resident, brings this Class Action Complaint by and through his attorneys, Stein Saks, PLLC against Defendant Financial Recovery Services, Inc. (hereinafter "Defendant FRS"), and Defendant Cavalry SPV I, LLC (hereinafter "Defendant Cavalry") individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

**INTRODUCTION/PRELIMINARY STATEMENT**

1.    Congress enacted the Fair Debt Collection Practices Act (hereinafter "the FDCPA" or "The Act") in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a). At that time,

1

Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to material instability, to the loss of jobs, and to invasions of individual privacy." *Id.* Congress concluded that "existing laws…[we]re inadequate to protect consumers," and that "'the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

2.    Congress explained that the purpose of the Act was not only to eliminate abusive debt collection practices, but also to "insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Id.* § 1692(e). After determining that the existing consumer protection laws ·were inadequate. *Id.* § l692(b), Congress gave consumers a private cause of action against debt collectors who fail to comply with the Act. *Id.* § 1692k.

## JURISDICTION AND VENUE

3.    The Court has jurisdiction over this class action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692 et. seq.  The Court has pendent jurisdiction over any State law claims in this action pursuant to 28 U.S.C. § 1367(a).

4.    Venue is also proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) as this is where a substantial part of the events or omissions giving rise to the claim occurred and this is where Plaintiff resides.

## NATURE OF THE ACTION

5.    Plaintiff brings this class action on behalf of a class of New York consumers under§ 1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA"), and

6.    Plaintiff is seeking damages and declaratory relief.

**PARTIES**

7.      Plaintiff is a resident of the State of New York, County of Rockland, residing at 332 Blauvelt Road, Monsey, New York 10952.

8.      Defendant FRS is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA with an address at 4510 West 77th Street, Suite 200, Edina, Minnesota 55435.

9.      Upon information and belief, Defendant FRS is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

10.     Defendant Cavalry is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA with an address at 500 Summit Lake Drive, Valhalla, New York 10595.

11.     Upon information and belief, Defendant Cavalry is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

12.     John Does l-25, are fictitious names of individuals and businesses alleged for the purpose of substituting names of Defendants whose identities will be disclosed in discovery and should be made parties to this action.

**CLASS ALLEGATIONS**

13.     Plaintiffs bring this claim on behalf of the following case, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

14.     The Class consists of:

   a.   all individuals with addresses in the State of New York;

  b. to whom Defendant FRS sent an initial collection letter attempting to collect a consumer debt on behalf of Defendant Cavalry;

  c. that states the balance in an unclear, deceptive and misleading fashion;

  d. which letter was sent on or after a date one (1) year prior to the filing of this action and on or before a date twenty-one (2l) days after the filing of this action.

15. The identities of all class members are readily ascertainable from the records of Defendants and those companies and entities on whose behalf they attempt to collect and/or have purchased debts.

16. Excluded from the Plaintiff Class are the Defendants and all officer, members, partners, managers, directors and employees of the Defendants and their respective immediate families, and legal counsel for all parties to this action, and all members of their immediate families.

17. There are questions of law and fact common to the Plaintiff Class, which common issues predominate over any issues involving only individual class members. The principal issue is whether the Defendants' written communications to consumers, in the forms attached as Exhibit A, violate 15 U.S.C. §§ 1692e, 1692g.

18. The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories. The Plaintiff will fairly and adequately protect the interests of the Plaintiff Class defined in this complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor his attorneys have any interests, which might cause them not to vigorously pursue this action.

19.     This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

    a.  **Numerosity:** The Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff Class defined above is so numerous that joinder of all members would be impractical.

    b.  **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Class and those questions predominance over any questions or issues involving only individual class members. The principal issue is whether the Defendants' written communications to consumers, in the forms attached as Exhibit A violate 15 U.S.C. § 1692e, 1692g.

    c.  **Typicality:** The Plaintiff's claims are typical of the claims of the class members. The Plaintiff and all members of the Plaintiff Class have claims arising out of the Defendants' common uniform course of conduct complained of herein.

    d.  **Adequacy:** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are adverse to the absent class members. The Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor his counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

    e.  **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all

members would be impracticable. Class action treatment will permit a large

number of similarly situated persons to prosecute their common claims in a single

forum efficiently and without unnecessary duplication of effort and expense that

individual actions would engender.

20.     Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure

is also appropriate in that the questions of law and fact common to members of the Plaintiff

Class predominate over any questions affecting an individual member, and a class action is

superior to other available methods for the fair and efficient adjudication of the controversy.

21.     Depending on the outcome of further investigation and discovery, Plaintiff may, at

the time of class certification motion, seek to certify a class(es) only as to particular issues

pursuant to Fed. R. Civ. P. 23(c)(4).

## FACTUAL ALLEGATIONS

22.     Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs

numbered above herein with the same force and effect as if the same were set forth at length

herein.

23.     Some time prior to November 4, 2020, an obligation was allegedly incurred to

creditor CITIBANK, N.A.

24.     The CITIBANK, N.A. obligation arose out of transactions involving medical

services obtained by Plaintiff from CITIBANK, N.A. and was incurred primarily for personal,

family or household purposes.

25.     The alleged CITIBANK, N.A. obligation is a "debt" as defined by 15 U.S.C.§

1692a(5).

26.     CITIBANK, N.A. is a "creditor" as defined by 15 U.S.C.§ 1692a(4).

27.     CITIBANK, N.A. purportedly sold the alleged debt to Defendant Cavalry, a debt collector, who contracted with Defendant FRS to collect the alleged debt.

*Violation – November 4, 2020 Collection Letter*

28.     On or about November 4, 2020, Defendant FRS sent the Plaintiff a collection letter (the "Letter") regarding the alleged debt owed to CITIBANK, N.A. See a true and correct copy of the letter attached at Exhibit A.

29.     The top of the letter reads:

| | |
|---|---|
| AMOUNT DUE AS OF CHARGE-OFF DATE: | $4392.58 |
| TOTAL BALANCE DUE: | $4322.71 |

30.     When a debt collector solicits payment from a consumer, it must, within five days of an initial communication send the consumer a written notice containing:

(1) the amount of the debt;

(2) the name of the creditor to whom the debt is owed;

(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of the judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor. 15 U.S.C. § 1692g(a).

31.    These required disclosures set forth in §1692g(a) are more commonly known as the "G Notice".

32.    Although a collection letter may track the statutory language, "the collector nevertheless violates the Act if it conveys that information in a confusing or contradictory fashion so as to cloud the required message with uncertainty." Russell v. EQUIFAX A.R.S., 74 F.3d 30, 35 (2d Cir. 1996) ("It is not enough for a debt collection agency to simply include the proper debt validation notice in a mailing to a consumer-- Congress intended that such notice be clearly conveyed."). Put differently, a notice containing "language that 'overshadows or contradicts' other language informing a consumer of her rights . . . violates the Act." Russell, 74 F.3d at 34.

33.    Defendant's Letter violates §1692g(a)(1) as it fails to clearly identify the amount of the debt owed by Plaintiff.

34.    The letter contains a discrepancy between the amount due as of the charge-off and the total balance due.

35.    The letter does not explain the discrepancy between the amount due as of charge-off date and the total balance due and is confusing and deceptive to the consumer who cannot discern the true amount of his balance, whether it is the amount due as of charge-off or the total balance due.

36.    Moreover, the letter states that no amounts have been paid on the account since February 7, 2018 seven months prior to the charge-off date (September 11, 2018), thereby leaving the consumer with no explanation as to the difference in the balances stated in the letter.

37.     It is deceptive and misleading to state a confusing balance to the consumer who has no way of knowing the accurate amount due.

38.     Upon receipt of this notice Plaintiff was confused as to whether he owed the "amount due as of charge-off" or the "total balance due" as Defendant's Letter fails to explain which amount would be the correct amount.

39.     Plaintiff incurred an informational injury as he could not ascertain from the deceptive and misleading Letter the amount he presently owed on the debt.

40.     Further, Defendant's Letter is a false representation of the amount of the debt.

41.     As a result of Defendant's deceptive, misleading and unfair debt collection practices, Plaintiff has been damaged.

## COUNT I
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692e
### *et seq.*

42.     Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

43.     Defendants' debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

44.     Pursuant to 15 U.S.C. §1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

45.     Defendant violated §1692e :

   a.   As the Letter it is open to more than one reasonable interpretation, at least one of which is inaccurate in violation of §1692e(2).

   b.   By making a false and misleading representation in violation of §1692e(10).

By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated

Section 1692e et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## COUNT II

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692g *et seq.*

46.     Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs

above herein with the same force and effect as if the same were set forth at length herein.

47.     Defendant's debt collection efforts attempted and/or directed towards the Plaintiff

violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692g.

48.      Pursuant to 15 USC §1692g, a debt collector:

Within five days after the initial communication with a consumer in connection with

the collection of any debt, a debt collector shall, unless the following information is

contained in the initial communication or the consumer has paid the debt, send the consumer

a written notice containing –

1.  The amount of the debt;

2.  The name of the creditor to whom the debt is owed;

3.  A statement that unless the consumer, within thirty days after receipt of

    the notice, disputes the validity of the debt, or any portion thereof, the

    debt will be assumed to be valid by the debt-collector;

4.  A statement that the consumer notifies the debt collector in writing within

    thirty-day period that the debt, or any portion thereof, is disputed, the debt

    collector will obtain verification of the debt or a copy of a judgment

against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

5. A statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

49. Defendant violated 15 U.S.C. §1692g by failing to clearly communicate the amount of the debt allegedly owed by Plaintiff.

50. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692g et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## DEMAND FOR TRIAL BY JURY

51. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Dov Eisenberger, individually and on behalf of all others similarly situated, demands judgment from Defendants FRS and Defendant Cavalry as follows:

1. Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative, and Raphael Deutsch, Esq. as Class Counsel;

2. Awarding Plaintiff and the Class statutory damages;

3. Awarding Plaintiff and the Class actual damages;

4. Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

5.      Awarding pre-judgment interest and post-judgment interest; and

6.      Awarding Plaintiff and the Class such other and further relief as this Court may deem

just and proper.


Dated:  January 31, 2021                          Respectfully Submitted,

                                                  **STEIN SAKS, PLLC**

                                                  */s/ Raphael Deutsch*
                                                  Raphael Deutsch, Esq.
                                                  285 Passaic Street
                                                  Hackensack, NJ 07601
                                                  (201) 282-6500
                                                  (201) 282-6501  Fax
                                                  rdeutsch@steinsakslegal.com
                                                  *Counsel for Plaintiff*